UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA DUDEK,

    Plaintiff,

v.                                                  Civil Case No. 13-cv-12471
                                                  Honorable Patrick J. Duggan

GREEKTOWN CASINO, LLC,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On June 5, 2013, Plaintiff Debra Dudek, with the assistance of counsel, initiated this lawsuit against Defendant Greektown Casino, LLC. In her Complaint, Plaintiff alleges the following claims against Defendant: (I) race discrimination in violation of Title VII; (II) race discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"); (III) violations of the Family and Medical Leave Act ("FMLA"); and (IV) age discrimination in violation of ELCRA.

On August 26, 2013, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties thereafter agreed to orders extending the time for Plaintiff to respond to Defendant's motion pending facilitation of the matter. (ECF Nos. 9, 10.) Pursuant to the last order, Plaintiff's

response brief was due on November 8, 2013. No response was filed by that deadline. On November 18, 2013, this Court issued a notice informing the parties that it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). (ECF No. 13.) As of this date, Plaintiff has not responded to Defendant's motion. For the reasons that follow, the Court grants the motion.

I.      Factual Background

Plaintiff is a Caucasian woman who was employed by Defendant in 1999 to work at its Greektown Casino in Detroit, Michigan. (Compl. ¶¶ 2-4.) On June 26, 2012, Defendant terminated Plaintiff's employment. (*Id.* ¶ 4.) Plaintiff was fifty-six (56) years of age at the time and a Floor Supervisor. (*Id.* ¶¶ 4, 5.)

Plaintiff alleges that a "significant factor" in the decision to terminate her was her race. (*Id.* ¶ 14.) She contends that her age also was a factor. (*Id.* ¶ 15.) Finally, Plaintiff alleges that the exercise of her rights under the FMLA also was a "significant factor" that led to her termination. (*Id.* ¶ 22.)

In support of her race discrimination claims, Plaintiff further alleges that: (1) "the immediate supervision in Plaintiff's department was primarily African American"; (2) "this management team made it plain that there was a dislike for Caucasian and non-African American employees"; (3) "[i]t was clear that there was differential treatment when the African American employees received better

2

treatment and were not disciplined or reprimanded as harshly as the non-African American employees; (4) "in 2012 and prior, the Defendant engaged in a pattern and practice of eliminating non-African American employees because of their race"; (5) "[t]here were even statements made by immediate management above Plaintiff in her department that there was a hatred of 'white' employees"; (6) "Plaintiff was qualified for her position and wrongfully terminated on June 26, 2012"; and (7) "some of the employees who assumed Plaintiff's job duties were African American and some less qualified than Plaintiff." (Compl. ¶¶ 9-11.) In support of her age discrimination claim, Plaintiff asserts that Defendant hired "younger part-time African American employees to replace the Caucasian employees . . ." (*Id*. ¶ 15.)

With respect to her FMLA claim, Plaintiff asserts that she "was required to intermittently take time off from work due to a serious medical condition of her special needs daughter who was classified as educatively [sic] mentally impaired." (*Id*. 18.) According to Plaintiff, "immediate management above Plaintiff made it plain during the course of her employment and shortly before her employment was terminated (Plaintiff had put in the paperwork for Family Medical Leave approximately one week prior to being fired) that there was an aversion to employees taking Family Medical Leave." (*Id*. ¶ 20.) She charges that

management trained supervisory employees "wherein it was plain that Defendant's management wanted to 'set up' employees, who asserted rights under the FMLA, for disciplinary action, including termination of employment." (*Id.* ¶ 21.) Plaintiff alleges that "Defendant through management knew of Plaintiff's assertion of her rights under the [FMLA] and there was a causal connection of said assertion of rights in Plaintiff's employment being terminated." (*Id.* ¶ 22.) Plaintiff claims that "Defendant's management has discriminated against other employees who have asserted their right to family medical leave under the Act." (*Id.* ¶ 23.)

## II.    Rule 12(b)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id*.; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66).

**III.     Defendant's Arguments and Analysis**

In its motion to dismiss, Defendant argues that Plaintiff's Complaint fails to meet Rule 8's pleading requirements as defined under *Twombly* and *Iqbal*. Defendant contends that many of Plaintiff's allegations simply constitute "threadbare recitals of the elements" or "conclusory statements." What statements are left, Defendants maintain, do not establish that Plaintiff was terminated because of her race, age, or exercise of her rights under the FMLA.

This Court agrees for the reasons set forth in Defendant's pleading and the decisions issued by the Honorable Terrence G. Berg in cases filed against Defendant in this District by other plaintiffs represented by Plaintiff's counsel: *Funke v. Greektown Casino, LLC*, No. 13-10012, 2013 WL 3285128 (E.D. Mich. June 28, 2013) (Def.'s Mot. Ex. 1); *Disano v. Greektown Casino, LLC*, No. 13-10739, 2013 WL 3700829 (E.D. Mich. July 12, 2013) (Def.'s Mot. Ex. 2). Plaintiff has not responded to the motion to suggest that she can assert factual content that would allow the Court "to draw the reasonable inference that . . . [D]efendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Accordingly,

6

**IT IS ORDERED**, that Defendant's Motion to Dismiss is **GRANTED**.

Dated: December 24, 2013               s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
Sam G. Morgan, Esq.
Steven Fellows, Esq.
William D. Sargent, Esq.
Robert J. Muchnick, Esq.
Stanley H. Pitts, Esq.