UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA DUDEK,

       Plaintiff,

v.                                              Civil Case No. 13-cv-12471
                                              Honorable Patrick J. Duggan

GREEKTOWN CASINO, LLC,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On June 5, 2013, Plaintiff Debra Dudek, with the assistance of counsel, initiated this lawsuit against Defendant Greektown Casino, LLC.  In her Complaint, Plaintiff alleged the following claims against Defendant: (I) race discrimination in violation of Title VII; (II) race discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"); (III) violations of the Family and Medical Leave Act ("FMLA"); and (IV) age discrimination in violation of ELCRA.  On August 26, 2013, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to which Plaintiff failed to respond after two stipulated orders extending the response period.  on December 24, 2013, this Court granted Defendant's motion, dismissed Plaintiff's Complaint with prejudice,

and entered a judgment in favor of Defendant and against Plaintiff. Presently before the Court is Plaintiff's motion to set aside the judgment, filed January 7, 2014 pursuant to Federal Rule of Civil Procedure 60(b).

## Procedural Background

As indicated, Defendant filed its motion to dismiss on August 26, 2013. Plaintiff's current counsel entered his appearance in this matter on September 10, 2013. Thereafter, the parties entered into stipulated orders extending the time for Plaintiff to respond to Defendant's motion while they pursued mediation.

According to the last stipulated order, Plaintiff's response brief was due on November 8, 2013. (ECF No. 10.) No response was filed by that deadline. The Court specifically contacted counsel for both parties at that point to make sure they had not failed to inform it of a resolution of the matter through mediation. After repeated inquiries, the Court was told that a settlement had not been reached. Therefore, on November 18, 2013, this Court issued a notice informing the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). (ECF No. 13.) The Court waited more than a month after the notice was issued to address Defendant's motion, in the event the notice precipitated Plaintiff's counsel to file a response.

By the time the Court issued its December 24, 2013 opinion and order

granting Defendant's motion to dismiss, no response had been filed on Plaintiff's behalf. Additionally, the Court received no indication from Plaintiff's counsel that he intended to file a response or an amended complaint in response to the motion. Instead, two weeks after issuing its decision, Plaintiff filed the pending motion to set aside the judgment.

In the motion, Plaintiff's counsel states that his failure to file a response brief is due to excusable neglect. Specifically, Plaintiff's counsel indicates that he failed to mark the initial date the response was due on his calendar. According to Plaintiff's counsel, his intent was to file an amended complaint to remedy the defects identified by Defendant in its Rule 12(b)(6) motion.

## Rule 60(b) Standard

Federal Rule of Civil Procedure 60(b)(1) allows a district court to vacate an order or final judgment because of "mistake, inadvertence, surprise, or excusable neglect."[1] According to the Sixth Circuit Court of Appeals, this provision "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."

---

[1] Plaintiff also cites to Rule 60(b)(6) in her motion; however, the only justification for setting aside the judgment stated in the motion is her counsel's neglect.

3

*United States v. Reyes*, 307 F.3d 451, 455 (2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

## Analysis

Plaintiff fails to set forth an explanation for not responding to Defendant's motion, must less an excusable one. The failure of Plaintiff's counsel to put the initial date on which the response was due on his calendar does not explain the failure to enter the extended due dates to which he and opposing counsel subsequently agreed. Plaintiff's counsel also received electronic notifications of the orders setting the new dates. Further, Plaintiff's counsel received communications from this Court inquiring about the status of the lawsuit after the scheduled mediation and the last response deadline passed. Finally, counsel should have been alerted to the need to file a response or seek an extension of the time do so when this Court issued its notice dispensing with oral argument.

In short, Plaintiff's counsel provides no excuse for failing to respond Defendant's motion to dismiss which remained pending for almost six months before this Court granted it. Not only did counsel ignore the motion, but he apparently also ignored the docket, communications from the Court, and the pendency of this lawsuit during this six month period. As this Court and the Sixth Circuit have held, " 'clients must be held accountable for the acts and omissions of

their attorneys.' " *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 396, 113 S. Ct. 1489, 1499 (1993)); *see also Pettiford v. J.P. Morgan Chase Bank, NA*, No. 12-cv-11349, 2013 WL 4502157, at *3 (E.D. Mich. Aug. 22, 2013) (unpublished). And an attorney's "failure to respond to [a dispositive motion] or to request an extension of time to file a response thereto is inexcusable neglect." *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984) (citing cases); *see also Cacevic v. City of Hazel Park*, 226 F.3d 483, 490-91 (6th Cir. 2000) (citing *Kendall*).

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion to set aside judgment is **DENIED**.

Dated: February 10, 2014        s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Sam G. Morgan, Esq.
Steven Fellows, Esq.
William D. Sargent, Esq.
Robert J. Muchnick, Esq.
Stanley H. Pitts, Esq.